PETER POMONOWSKI, P.P.A.

vs.

JULIUS P. SZYMANSKI

Court of Common Pleas    Hartford County    File #34965

Present: Hon. ABRAHAM S. BORDON, Judge.

Mink & Beach,           Attorneys for the Plaintiff.

Day, Berry & Howard,       Attorneys for the Defendant.

### MEMORANDUM FILED NOVEMBER 12, 1935.

BORDON, J. According to the plaintiff's brief, the negligence complained of is not in the extraction but in the defendant's failure to keep an appointment the following day. Assuming, for the sake of argument, that the Court accepts the plaintiff's testimony on this point, it still should appear, through expert testimony, that it is customary or advisable among dentists, in the exercise of proper professional skill, to treat patients on the day following extraction. It is conceivable that in the great majority of cases, the treatment terminates with the extraction and a few directions by the dentist.

The Court realizes the difficulties encountered by a plaintiff in a case of this kind, and in a great many instances the sympathy of the Court might well be with the plaintiff. But in view of numerous Supreme Court decisions on this subject, the Court has no alternative but to hold that without expert testimony it is impossible to find that the defendant failed to exercise that degree of care, skill and diligence ordinarily exercised by dentists practicing in similar communities in the same general neighborhood. To do otherwise would necessitate the substitution of a layman's opinion for that of an expert.

After a careful study of the cases cited in the briefs of both parties, the Court is of the opinion that the absence of expert evidence to prove negligence on the part of the defendant is fatal to the plaintiff's case.

The issues are found and judgment may be entered for the defendant to recover his costs.